UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS EUGENE PHILLIPS,<br><br>            Petitioner,<br><br>    v.<br><br>TERRI GONZALEZ, Warden,<br><br>            Respondent. | 1:11-cv—01842-SKO-HC<br><br>ORDER DISMISSING THE PETITION AS SUCCESSIVE PURSUANT TO 28 U.S.C. § 2244(b) (Doc. 1)<br><br>ORDER DISMISSING PETITIONER'S MOTION AS MOOT (Doc. 5) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE ACTION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 26, 2011 (doc. 4). Pending before the Court is the petition, which was filed on filed on October 7, 2011, and transferred to this division of this Court on November 4, 2011.

///

1

I.   <u>Screening the Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.   <u>Background</u>

Petitioner is serving a sentence of thirty-two (32) years to

life pursuant to convictions of attempted murder, mayhem, and assault with a deadly weapon with great bodily injury suffered on September 1, 1998, in the Kern County Superior Court. (Pet. 1.) In the petition, Petitioner challenges the judgment on the grounds that the prosecutor failed to prove with relevant and sufficient evidence Petitioner's having suffered a prior conviction with a great bodily injury enhancement, uneven application of California's Three Strikes Law in violation of Petitioner's right to the equal protection of the laws, and the allegedly ineffective assistance of his appellate counsel. (Id. at 4, 7-8.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

On July 15, 2005, a habeas petition challenging Petitioner's Kern County conviction and sentence was denied on the merits by this Court in Nicholas E. Phillips v. G. J. Giurbino, Warden, 1:02-cv-05251-REC-TAG. Petitioner raised issues pertaining to the fairness of his trial. The Court denied the petition on the merits and entered judgment for the respondent. (Docs. 36, 1, 4, 31; 40; 41.) The docket reflects that an appeal was filed, and on February 3, 2006, the Court of Appeals denied Petitioner's request for a certificate of appealability.

///

1    III. <u>Successive Petition</u>

2    Because the petition was filed after April 24, 1996, the
3 effective date of the Antiterrorism and Effective Death Penalty
4 Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh</u>
5 <u>v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008
6 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

7    Under the AEDPA, a federal court must dismiss a second or
8 successive petition that raises the same grounds as a prior
9 petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a
10 second or successive petition raising a new ground unless the
11 petitioner can show that 1) the claim rests on a new,
12 retroactive, constitutional right or 2) the factual basis of the
13 claim was not previously discoverable through due diligence, and
14 the new facts establish by clear and convincing evidence that but
15 for the constitutional error, no reasonable factfinder would have
16 found the applicant guilty of the underlying offense. 28 U.S.C.
17 § 2244(b)(2)(A)-(B).

18    However, it is not the district court that decides whether a
19 second or successive petition meets these requirements, which
20 allow a petitioner to file a second or successive petition.
21 Section 2244(b)(3)(A) provides, "Before a second or successive
22 application permitted by this section is filed in the district
23 court, the applicant shall move in the appropriate court of
24 appeals for an order authorizing the district court to consider
25 the application." In other words, a petitioner must obtain leave
26 from the Ninth Circuit before he or she can file a second or
27 successive petition in district court. <u>See</u> <u>Felker v. Turpin</u>, 518
28 U.S. 651, 656-657 (1996). This Court must dismiss any claim

4

presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Kern County judgment was denied on the merits. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. Accordingly, this court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under section 2254 and must dismiss the petition. See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

   IV.   Petitioner's Motion for Injunctive Relief

On October 31, 2011, Petitioner filed a request for thirty days of law library privileges, which the Court understands to be a motion for injunctive relief.

Because the petition must be dismissed for lack of jurisdiction, Petitioner's motion for injunctive relief will be dismissed as moot.

V. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336-37.  It is necessary for an applicant to show more

than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right, or that the petition must be dismissed as successive.  Petitioner has not made the substantial showing required for issuance of a certificate of appealability.

Therefore, the Court will decline to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) The petition is DISMISSED as successive; and

2)  Petitioner's motion for injunctive relief is DISMISSED as moot; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close this action because the dismissal will terminate the action in its entirety.

IT IS SO ORDERED.

**Dated:   November 9, 2011**           /s/ Sheila K. Oberto
                                UNITED STATES MAGISTRATE JUDGE

7